### STANTON POWELL v. THE STATE.

*No. 1376.   Decided October 14th, 1896.*

**1.  Evidence Before Argument is Closed—Recalling Witness.**

On a trial for perjury, after the evidence was closed, defendant demurred to the sufficiency of the same for the reason that the State had not proved the authority of the officer before whom the alleged false affidavit was made.  Held: That it was not error to permit the witness to be recalled to testify that he was a notary public.

**2.  Original Papers Sent Up With Transcript Not Certified—Practice on Appeal.**

Original papers sent up with the transcript on appeal, will not be taken cognizance of when they are not properly certified to by the clerk of the trial court.

**3.  Perjury—Evidence—Discrepancy in Bond.**

On a trial for perjury assigned on a motion for new trial which was sworn to by defendant in a case pending against a convict on a convict bond.  Held: That a discrepancy in the bond offered in evidence as to the number of the case is no defense, nor is it a valid objection to the bond as evidence, it not being shown that there was any but the one case against the convict in which the bond had been filed.

**4.  New Trial—Newly Discovered Evidence.**

A motion for new trial for newly discovered evidence was properly overruled where it appeared that the proposed witness had been subpœnaed in the case, but was not put upon the stand to testify.

APPEAL from the District Court of Victoria.   Tried below before Hon. S. F. GRIMES.

Appeal from a conviction for perjury;  penalty, five years in the penitentiary.

The case is sufficiently stated in the opinion.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, and given five years in the penitentiary, and prosecutes this appeal.   The record shows that the appellant was indicted on a charge of having committed perjury in swearing to a motion for a new trial in a certain case pending against himself and others before one F. A. Fenner, a Justice of the Peace of Victoria County.   The affidavit on which the perjury was predicated was taken before A. S. Thurmond, a notary public, and was an affidavit for a new trial of said case.   The appellant in the case, with others, was sued on a convict's bond; and the affidavit made by him was to his defense of non est factum, which he set up against a recovery on said bond.   Appellant complains that after the evidence in the case was concluded, and when a motion was made by his attorneys in the nature of a demurrer to the sufficiency of the evidence, on the ground that the State had failed to prove that A. S. Thurmond, the alleged officer before whom the alleged false affidavit was made, had authority to administer oaths, the court permitted said Thurmond to be recalled for the purpose of proving the fact that he was a notary public.   The bill of exceptions in this case is de-

fective, in not showing that the witness Thurmond was actually intro-duced and testified to said fact, but merely that he was recalled for the purpose of proving the fact.   But, if he did testify to the fact, we see no error in this.   It was before any argument was had in the case, and the recalling of the said witness to prove said fact was within the dis-cretion of the court.   In the second bill of exceptions it is insisted that defendant's objection to the introduction of the written motion for a new trial should have been sustained because it was not correctly set out in the indictment.   We are not told in what the difference consists. The bill, however, shows that appellant prayed that the original indict-ment and motion for a new trial introduced as evidence be forwarded with the transcript, for the inspection of the Court of Criminal Appeals. We find among the papers of the case (not a part of the transcript) what appears to be an indictment and a copy of a motion for a new trial, but these are not certified to by the clerk of the court, and we cannot take cognizance of them.   The third bill of exceptions is entirely too general, and does not specifically point out the difference between the copy set. out in the indictment and the bond offered in evidence.   Nor is there anything in the objection of the appellant to the introduction of the tes-timony of Frank Polk, Jr., that the appellant authorized him to sign his (appellant's) name to the bond.   The indictment alleges that appel-lant did authorize his name to be signed to said bond.   Appellant insists. that the verdict of the jury was contrary to the law and the evidence, in that the bond offered in evidence had been changed after being signed by the defendant, if he ever signed it.   It appears in the certificate by the judge to the bond on which the assignment of perjury is predicated that the number in the case should be 1315, and not 1294, as shown in the body of the bond.   The evidence on the part of the State certainly makes a prima facie case that the defendant signed the bond in question as a county convict bond, in the case of Walter Harvey, in order to hire said convict; and there is no suggestion that there was any other case than the one case against said Walter Harvey, or that the defendant in the case made his bond in one case, and it was, without his knowledge or consent, applied to some other case.   If there was a mistake in the body of the bond as to the particular case in which the said Harvey had been convicted, and the defendant intended, as unquestionably he did, to give the bond in the particular case in which he was convicted, we can see no error in filing the bond in the proper case, and in rejecting the number of the case, as stated in the body of the bond, as surplusage. The statement by the County Judge, as appended to said bond, was not calculated to injure or impair any right of the defendant.   Appended to appellant's motion for a new trial is the affidavit of one Louis Jessel, one of the signers to the bond, in which he states that appellant did not say to Thurmond, the notary public,. that he (appellant) would swear positively that he had never signed the bond which was the subject of litigation.  Appellant appends his own affidavit to the same effect.  These. facts are not alleged to be newly discovered, and Jessel's affidavit shows.

that he was present in Thurmond's office at the time appellant made the affidavit upon which this perjury is predicated. Appellant further states in his affidavit that he did not remember that Jessel was one of the parties present in Thurmond's office at the time of his swearing to the motion for a new trial in the Justice Court. In this connection a subpoena is also contained in the record, showing that Jessel was summoned as a witness for the defendant on May 11, 1895. This conviction occurred on May 6, 1896. He was not placed upon the stand by either party, nor is it shown in the record why he was not so placed upon the stand, nor does it appear what caused the subpoena to be issued. This, under the rule as we understand it, is not newly-discovered testimony, and, if newly discovered, would not be sufficient to authorize this court to reverse the judgment. We have examined the indictment, and think it is sufficient. The judgment is affirmed.

*Affirmed.*