### NORMAN HENSON v. THE STATE.

.No. 2885. Decided April 22, 1914.

Rehearing granted June 3, 1914.

**1.—Murder—Argument of Counsel—Discretion of Judge—Presumption.**

Where, upon motion for new trial, the defendant complained of the argument of the district attorney and attached his affidavit thereto, to which the district attorney answered in writing attaching his affidavit as to what he did say and the court, after hearing the evidence, overruled the motion, it must be presumed that the court believed the affidavit of the district attorney and that it was in accordance with the court's own knowledge of what had occurred; besides, there was no bill of exceptions. Following Sample v. State, 52 Texas Crim. Rep., 505, and other cases.

**2.—Same—Newly Discovered Evidence.**

Where, upon trial of murder, the defendant, in his motion for new trial, alleged newly discovered evidence, and it appears from the record on appeal that the alleged evidence was newly discovered; that it was material and might favorably affect the defendant in the result of another trial, and disclosed reasonable diligence that the alleged evidence could not have been discovered be-

fore trial, a new trial should have been granted, and the judgment is reversed and the cause remanded.

### 3.—Same—Newly Discovered Evidence—Impeachment.

Impeaching testimony would not of itself authorize a new trial, even though newly discovered; neither would be the testimony of a witness who attended the trial.

### 4.—Same—Manslaughter—Charge of Court.

Where, upon trial of murder, the hostile acts, if any, would go to the question of defendant's claim of self-defense and would not authorize the jury to find the defendant guilty of manslaughter, the court should not have so instructed the jury.

### 5.—Same—Affidavits—Appeal—Motion for New Trial.

Affidavits filed after the case has been appealed can not be considered in the lower or in this court, whether filed with the permission of the court or without it.

### 6.—Same—Statutes Construed—Murder.

The amendment of article 1140 et seq. of the Penal Code was not repealed by the Act of April 3, 1913.

### 7.—Same—Charge of Court—Objections—Words and Phrases.

Where, upon trial of murder, the objections to the court's charge were general and no error was pointed out, and the complaint was to certain words and paragraphs in the court's charge, the same could not be considered; besides, there was no error in the court's main charge or in the refusal of requested charges.

Appeal from the District Court of Robertson. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. L. Goodman* and *J. W. Woods* and *H. S. Morehead,* for appellant.— On question of argument of counsel: Madrid v. State, 161 S. W. Rep., 93; Vickers v. State, 154 S. W. Rep., 578; Flores v. State, 129 S. W. Rep., 1111; Shaw v. State, 123 S. W. Rep., 691; Vaden v. State, 106 S. W. Rep., 367.

On question of newly discovered evidence: Black v. State, 160 S. W. Rep., 720; Spenser v. State, 153 S. W. Rep., 858; Clark v. State, 155 S. W. Rep., 213; Madrid v. State, 161 S. W. Rep., 96.

On question of affidavits filed after appeal: Thompson v. State, 160 S. W. Rep., 685; Johnson v. State, 96 S. W. Rep., 45; Bracher v. State, 161 S. W. Rep., 124.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—On January 17, 1913, the grand jury of Robertson County, duly presented an indictment against appellant alleging that on December 25, 1912, he, with implied malice, killed and murdered J. A. Prichard by shooting and hitting and striking him with a gun and by hitting and striking him with some blunt

instrument, a better name and description of which is to the grand jurors unknown, and by hitting and striking and cutting him with some unknown instrument. The term of court at which he was tried began June 18, 1913. At that time he and his attorneys both being present, in open court, his case was set for trial for June 30th following. On the morning of June 30th his case was called for trial and both parties announced ready. He was convicted of manslaughter and the lowest punishment assessed.

We will discuss the questions briefed by appellant somewhat in the order presented by him in his brief.

By his motion for new trial he complains of a short excerpt from the closing argument of the district attorney. He took no bill of exception to this at all. Neither did he ask any written charge from the court telling the jury to disregard it. He attached the affidavit of his attorneys and a considerable number of others to his motion for new trial showing that the district attorney used the language they claimed he used. The district attorney resisted by written answer appellant's motion on this ground, and as a part thereof attached his affidavit disclosing particularly and fully what he did say and the circumstances under which he used any language complained of. The appellant's affidavits do not dispute the district attorney's affidavit of the facts and circumstances leading up to what they claimed is the objectionable matter. The language they complain of is this: "They tell you that defendant did not intend to kill deceased. Who testified that he didn't intend to kill him? Miss Bell Norris didn't testify that he didn't intend to kill him; neither did Priestly Thomas. Why didn't they put some one on the stand who could testify that the gun that killed poor old man Prichard was accidently discharged, and that Norman Henson did not intend to kill him?" The district attorney's affidavit shows this: "That in my closing speech among other statements I used the following language, towit: 'Gentlemen of the jury, Mr. Morehead, one of the lawyers in this case, has argued to you that you can not convict the defendant for a higher offense than aggravated assault because the defendant did not intend to kill deceased, and that there was no evidence that he intended to kill him, and that there was nothing that would have kept him from shooting the deceased again if he had wanted to kill him. Now, you gentlemen of the jury, know as well as I know, that you can judge of a man's intent only by his acts, by what he does. Upon whose testimony does Mr. Morehead base his statement, that the defendant did not intend to kill old man Prichard? Miss Bell Norris, whom they put on the stand, did not testify, that defendant did not intend to kill him, and neither did Priestly Thomas. They did not put J. D. Henson on the stand to testify what he knew about it, nor did they put Mrs. J. D. Henson on the stand. Why did they not put Elmer Norris, whom the evidence shows left the store with defendant and his brother with a gun, on the stand? There is no evidence, that the gun which killed old man Prichard was accidentally discharged, and that Norman Henson did not intend to kill deceased. Wesley Padgitt tes-

tified that defendant struck deceased on the head with something after the gun had fired and remarked when he did so, 'I reckon you have got enough.' Does not that show the intent of defendant's mind?"

"The above remarks were made in answer to the argument made by Mr. Morehead, that there was no evidence which showed that defendant intended to kill deceased." All this occurred in the presence and hearing of the trial judge. By his overruling the motion for new trial on this ground, it must be presumed that he believed the affidavit of the district attorney and that it was in accordance with his own knowledge of what and how it occurred. As the matter is presented it shows no reversible error.

This court, through Judge Davidson, in Sample v. State, 52 Texas Crim. Rep., 505, said:

"It is seriously urged that the remarks of the county attorney, towit: 'There has been no witness upon this stand to contradict the testimony of this girl, Kittie Green,' was an allusion to appellant's failure to testify in his own behalf. We do not believe that this is such an allusion to the failure of appellant to testify in his own behalf as is contemplated by the statute, if in fact it was such an allusion at all. As a matter of fact, there was no witness on the stand to directly contradict Kittie Green in regard to this matter. The defendant could have taken the stand, but did not. Scroggins was in a different part of the same room, but Kittie Green says that he could not have seen her at the time that appellant assaulted her, though he was visible to her. To give the statute such a construction as urged by appellant would be tantamount, practically, to almost preventing a discussion of the case with reference to testimony of the State's witness, when only one witness was used, defendant being the only other witness who could testify to the same facts." There are many decisions of this court to the same effect. In the case of Link v. State, 164 S. W. Rep., 987, decided February 18, 1914, we had occasion to review this question and therein state the principles applicable thereto and cite some of the cases. See also Gatlin v. State, 163 S. W. Rep., 428, decided January 21, 1914. See also on a like question Cooper v. State, 72 Texas Crim. Rep., 250, 162 S. W. Rep., 364; and Coffman v. State, 165 S. W. Rep., 939, decided March 18.

Appellant's next ground is that the court should have granted him a new trial because of newly discovered testimony. This point was likewise contested by the district attorney. The substance of appellant's motion is because of newly discovered evidence of Thomas Shafer, J. H. Winn, A. J. Kent, Dudley Beene and George Railey; that if they had been present they would have testified respectively, as shown by their affidavits attached to and made a part of his motion; that the testimony of each "is newly discovered and that it was not known to defendant or either of his attorneys that either of said witnesses would testify . . . until after his trial and conviction, although he and his attorneys have used all due diligence in the premises." That said testimony is material to his defense, because the State denied that deceased

had a pistol at the time he was killed; that he did not then own and had no pistol, except a small automatic. Appellant swore that the ground of his said motion was true and correct. Neither of his attorneys made any affidavit whatever. He and no other testified or showed what diligence had been used to procure the said testimony or the attendance of said witnesses or either of them. Neither appellant nor his attorney disclosed what efforts they had made to learn of the testimony of these witnesses, or either of them, nor how nor when they discovered,—other than appellant's statement in his motion for new trial above,—that it was not known to him or either of his attorneys until after the trial and conviction. The testimony of the witnesses Winn and Kent could have been used and was admissible for no other purpose than to impeach the State's witness Padgitt. The affidavit of Beene and Railey was solely to the effect that sometime in December, 1912, Railey, in Marquez, in payment for a debt he then owed deceased, let him have a 38 black Colt's pistol and that neither of them told this to anyone until after appellant's trial. It is in no way shown that both of these witnesses were not present at the time of the killing, or where they then were or had been both before and after the killing. Shafer's affidavit was to the effect that on the night of the killing, shortly prior thereto, he saw deceased have a black pistol, a big pistol, in his hand at Mr. Buchanan's; that he had seen bigger pistols and less pistols. That he never told anyone this before appellant's trial,—not even the grand jury when he was before that body, because the grand jury did not ask him. Appellant's motion for new trial was filed and acted upon by the court on July 14th at which time it seems these affidavits were considered by the court. From appellant's bill of exceptions and the court's qualification of his action on motion for new trial it appears that the court at the suggestion of the district attorney, stated that when presented to him he would qualify appellant's bill of exception as to the witness Shafer by stating that Shafer was present, sworn in, put under the rule by the State as a witness in the cause when the case went to trial and that so far as he knows remained in attendance with the other witnesses and that after the trial was concluded he proved up his attendance as such witness in order to get his fees; that when on the bench preparing to take action in another case, one of appellant's attorneys said to him if he was going to qualify the bill as stated, he ought to be allowed to file affidavits showing that said witness refused to talk to the appellant or his counsel before or at the time of the trial, and that the court stated to the attorney at the time that he would allow him to file such affidavits afterwards; that during all this time the district attorney was present, talking, taking a part and making suggestions, but the court, unfortunately, could not remember all that the district attorney then said; that on the morning after the hearing of said motion for new trial, the district attorney insisted that as appellant's attorneys had the right to file affidavits the court had also granted him such right and that he be allowed to then file the affidavit of D. L. Dodson and S. J. Beall, two members of the grand jury returning said indictment, which

the court permitted. That affidavit is to the effect that said Shafer was summoned and appeared to testify before the grand jury and he swore that on the night of the killing a short time before deceased was killed, deceased came to the house of Buchanan where he, witness, was staying and that he did not see a pistol on or about the person of deceased and that if deceased had a pistol he did not know it. Appellant's point and bill on this subject is that it was too late, after the action of the court in overruling the motion for new trial, the next day, in the absence of appellant to permit the filing of the grand jurors' affidavit, and in effect, that it could not be considered for any purpose.

Newly discovered evidence is made one of the grounds which authorizes the lower court to grant a new trial. (C. C. P., art. 837, subd. 6.) This question has been before this court in a very large number of cases. What we said in Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 284, is applicable here. We quote it:

"It is well established by the decisions of this court that a motion for new trial on this ground is closely scrutinized, and is largely confided to the discretion of the trial court; and the disposition there made of it will not be disturbed on appeal, unless it be apparent that the trial court abused its discretion to the prejudice of appellant. Burns v. State, 12 Texas Crim. App., 270; Bell v. State, 1 Texas Crim. App., 598; Templeton v. State, 5 Texas Crim. App., 398; Shaw v. State, 27 Texas, 750; West v. State, 2 Texas Crim. App., 209; Terry v. State, 3 Texas Crim. App., 236.

"It is also well established that in a motion for new trial on this ground it is incumbent on the appellant to satisfy the court (1) that the evidence has come to his knowledge since the former trial; (2) that it was not owing to want of due diligence on his part that it was not discovered and did not come to his knowledge before the trial; (3) that it is competent and material evidence and not merely cumulative, corroborative, or collateral; (4) that it will probably produce a different verdict if a new trial is granted; (5) that it is not simply for the purpose of impeaching a former witness. If the application is defective in establishing any one of these essentials, a new trial should be refused. Fisher v. State, 30 Texas Crim. App., 502 (18 S. W. Rep., 90); West v. State, supra; White v. State, 10 Texas Crim. App., 167; Shaw v. State, supra; Duval v. State, 8 Texas Crim. App., 370; Gross v. State, 4 Texas Crim. App., 249; Hutchinson v. State, 6 Texas Crim. App., 468." Tested by these well and long established rules and authorities, it is our opinion that the record does not show that the trial judge has abused the discretion committed to him which would authorize this court to reverse this cause on said ground. Powell v. State, 36 Texas Crim. Rep., 377; Hilliburton v. State, 34 Texas Crim. Rep., 410; Williams v. State, 45 S. W. Rep., 572.

Appellant in various ways, contended that the murder statute was repealed by the Act of April 3, 1913, p. 238, when articles 1140 et seq. of the Penal Code were amended. This has been so many times decided against appellant that it is unnecessary to discuss it again or cite the

cases. Besides this, appellant was convicted of manslaughter with the lowest penalty assessed. Hence, any error if any of that kind committed would not avail him on this appeal.

He requested some special charges. He also complained of some particular word in the court's charge. Also of some few words in some paragraphs thereof and sometimes of whole paragraphs. Most of these matters are not raised nor presented in such a way as that this court can consider them under the long and uniform line of decisions to that effect. Yet, we have carefully considered all of the objections to the court's charge, refused special charges and, in our opinion, none of them present any reversible error. There are such a large number of them we deem it unnecessary to even take them up and state or discuss them. The court's charge, in our opinion, presented the case in favor of appellant on every point which the evidence raised in his favor, and while the testimony was conflicting on some material points, there was nothing in the court's charge so complained of that would authorize a reversal, nor in the refusal of the court to give his special charge. And wherever the court submitted any question for a finding in favor of the State, it required the jury to believe beyond a reasonable doubt every essential in favor of the State, before they could find against the appellant. When the charge is considered, it specifically meets every question complained of by appellant.

While a very large number of grounds of the motion for new trial are made, none of them present any error or any question that needs discussion. The judgment will be affirmed.

*Affirmed.*

Davidson, Judge, absent at consultation.

ON REHEARING.

June 3, 1914.

PRENDERGAST, PRESIDING JUDGE.—Upon a reconsideration of this case we have concluded that we were in error in holding that the lower court committed no error in overruling appellant's motion for new trial on the ground of newly discovered evidence. We believe the evidence of Beene and Railey was newly discovered evidence, that it was material, that it might affect the result of another trial favorably to appellant, and that his motion and affidavits are sufficient to show that no reasonable diligence could have discovered their testimony before the trial. The testimony of Winn and Kent, being for impeachment purposes only, would not of itself authorize a new trial even though newly discovered. Neither would that of Shafer, because he was present at the trial, the appellant knew that he was with the deceased just shortly before the killing and he can not await the result of a trial and then claim that what he would testify would be newly discovered, but the testimony of the said three witnesses Shafer, Winn and Kent, although not sufficient of and within itself to authorize a new trial, yet they emphasize the importance of the testimony of said Beene and Railey.

As the case must be reversed there is another matter we desire to call to the attention of the lower court. In the 12th subdivision of his charge submitting to the jury the question of manslaughter for a finding, the court, among other things, in enumerating what might be sufficient to show sudden passion, etc., has this: "Or committed any hostile act or acts towards Norman Henson or his brother or to the crowd of which Norman Henson and his brother were members." This should be omitted from that charge. The hostile act or acts, if any, would go to the question of appellant's claimed self-defense and in no event would they authorize the jury to find the defendant guilty of manslaughter. We think it unnecessary to discuss this question, but merely call attention to it so that these words may be omitted from this charge on another trial.

In the original consideration of this case and the opinion first handed down affirming it, we did not consider and did not intend to imply that we considered, the affidavits of the grand jurors, filed by the district attorney, after the case had been appealed. The statute (art. 916, Code Crim. Proc.) in effect, as well as the many decisions of this court, prohibit the consideration by this court or of the lower court of any such matters. We presume, of course, the judge of the lower court did not consider them, because they were filed after the case had been appealed and after he had acted on the motion for a new trial. The fact that these affidavits or any other extraneous matter is filed in the lower court after the case is appealed, would not present any reversible error, whether filed with the permission of the court or without it.

We adhere in all other matters to the original opinion. All questions therein discussed and decided, other than what we now call attention to, were correctly decided.

For the errors of the court in refusing a new trial on the ground of newly discovered evidence, and in said charge, the original affirmance is hereby set aside and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*