### JOSH JONES v. THE STATE.

#### No. 4018. Decided April 12, 1916.

#### Rehearing denied May 10, 1916.

**Murder—Newly Discovered Testimony—Presumption.**

   Where appellant in his motion for new trial claimed newly discovered testimony, and it appeared from the record that the trial judge heard testimony thereon and overruled the motion, this court must presume, in the absence of said testimony, that the court ruled correctly. Following Ethridge v. State, 74 Texas Crim. Rep., 635; but even if appellant's motion and the facts disclosed thereby by the affidavits attached thereto is considered on appeal, there is no reversible error. Following Gray v. State, 65 Texas Crim. Rep., 204, and other cases

Appeal from the District Court of Gregg. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Lacy & Bramlette*, for appellant.—On question of newly discovered testimony: Black v. State, 71 Texas Crim. Rep., 621, 160 S. W. Rep., 720; Henson v. State, 74 Texas Crim. Rep., 277, 168 S. W. Rep., 89.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of newly discovered evidence: Height v. State, 68 Texas Crim. Rep., 278, 150 S. W. Rep., 908, and cases cited in opinion.

PRENDERGAST, PRESIDING JUDGE.—On a trial for murder appellant was convicted of manslaughter. The testimony was amply sufficient to sustain the conviction. Appellant does not question this. It is unnecessary to recite the testimony.

The sole question is, appellant claims he should have been granted a new trial, because of claimed newly discovered testimony, which he asserted in his motion for a new trial. Evidently the trial judge heard testimony when acting on this ground of his motion. The judgment overruling his motion specifically states that he heard evidence. What that testimony was is in no way disclosed by this record. It has often and uniformly down to this date been held that under such circumstances this court does and must, presume that the action of the court was correct. It is unnecessary to collate the authorities, but see some of them cited in Ethridge v. State, 74 Texas Crim. Rep., 635.

But if we should take only appellant's motion and the facts disclosed thereby and the affidavits thereto attached, it would show that the court's action was correct. These show the State introduced some two of more eyewitnesses of the killing of deceased by appellant. It had another eyewitness in attendance, whom it did not introduce. Before appellant closed his testimony, upon inquiry to the district attorney, his attorneys were told that the State would not introduce said other eyewitness. This witness, upon inquiry theretofore of him by appellant or his attorneys, informed them that if he were a witness for the State his testimony would not be altogether unfavorable to appellant. That when appellant himself approached him again, while the testimony was still being introduced by him, and after he had been informed that the State would not use said witness, he then, in substance, said to appellant to go on away from him; that his testimony would not be in his favor. This to avoid being used as a witness. All this occurred before appellant concluded the introduction of his testimony. Neither he nor his attorneys pressed the said witness to know further what his testimony would be and dropped the matter, and did not introduce him as a witness. Under all the authorities he would not be entitled to a new trial, even if his testimony would have been in appellant's favor, under a claim that his testimony would be newly discovered. Gray v. State, 65 Texas Crim. Rep., 204; Henson v. State, 74 Texas Crim. Rep., 277, and the authorities cited in these two cases. See also the cases cited in Vernon's C. C. P., under article 837, subdivision 6. and

Judge White's collation of authorities under the same article of the statute.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 10. 1916.—Reporter.]