## FRANK M. BULLINGTON v. THE STATE.

### No. 4219.   Decided November 8, 1916.

**1.—Assault to Murder—Evidence—Practice in District Court.**

Where, upon trial of assault to murder, the latter part of the answer of the witness was not responsive to the question propounded and a voluntary statement of the witness, which upon objection the court promptly excluded and directed the jury not to consider, there was no reversible error, in the absence of further instructions.

**2.—Same—Argument of Counsel.**

Where the bills of exception to the argument of counsel, were rejected by the court and others prepared which showed very slight, if any, improper argument, there was no reversible error, in the absence of requested instructions.

**3.—Same—Newly Discovered Evidence—Practice in District Court.**

Where, upon trial of assault to murder, the alleged witness who was to give the newly discovered testimony was subpoenaed in the case and attended court, and no inquiry was made of her as to the alleged newly discovered testimony, the application was lacking in diligence and there was no reversible error. Following Powell v. State, 36 Texas Crim. Rep., 377, and other cases.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of assault to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*L. C. Fuller* and *Cunningham & McMahon,* for appellant.—On question of argument of counsel: Lyon v. State, 42 Texas Crim. Rep., 506; Johnson v. State, 46 id., 291; Newcomb v. State, 49 id., 550; Knight v. State, 55 id., 243; Kirksey v. State, 61 Texas Crim. Rep., 298; Leech v. State, 63 id., 339.

On question of newly discovered evidence: Prewett v. State, 41 Texas Crim. Rep., 262; Davis v. State, 52 id., 149; Hunter v. State, 59 id., 439; Boyce v. State, 62 id., 374.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of argument of counsel: Scott v. State, 46 Texas Crim. Rep., 536; Moray v. State, 65 Texas Crim. Rep., 297.

HARPER, Judge.—From a conviction of assault to murder appellant prosecutes this appeal. This is the second appeal, the opinion on the former appeal being reported in 78 Texas Crim. Rep., 187. 180 S. W. Rep., 679.

There are but four bills of exception in the record, the first relating to a question propounded to the witness Mrs. Press Johnson, and her answer thereto,—the answer being, "It was about the last of May or first of June—the next day after he was tried for killing that man in Dallas." Appellant at once objected to the answer of the witness and asked that it be expunged from the record, and the jury instructed not to consider the answer of the witness. The district attorney joined in the request, and the court at once instructed the jury not to consider it. The district attorney had asked appellant if he did not make a certain statement in the presence of Mrs. Johnson upon his return from Dallas, and he denied doing so. The State was examining Mrs. Johnson as to this matter, and merely asked her, "Do you remember the defendant being at your house last spring on the day he came back from Dallas?" The question was not improper, the State had the right and it was its duty to direct her mind to the time and place when it is claimed certain statements were made by appellant, offered to impeach him. The latter part of the answer of the witness was not responsive to the question, was a volunteer statement of the witness, and when the court promptly excluded and directed the jury not to

consider it, if appellant desired any further instructions given he should have requested that it be done.

The other three bills all relate to different portions of the argument of the private prosecutor, Mr. J. M. Baldwin. The bills prepared, by appellant were rejected by the court, and the court in each instance prepares other bills, giving the remarks as reduced to writing at the time by the court stenographer. The bills prepared by the court, with the setting set forth, and the full particulars connected with each objection made, would evidence very slight, if any, improper argument. No request was made that the court charge the jury not to consider such remarks, and the remarks, if any portion thereof should be held to be slightly erroneous, present no ground for reversal in the absence of requested instructions.

The only other matter presented is alleged newly discovered testimony. It is set forth that Mrs. Lena Cobb was present the morning after Mrs. Bullington was shot by her husband (appellant) and that when they were undressing her and took some money off of her she said: "Doctor, give that money to Frank (appellant) and he will take care of it for me." As Mrs. Bullington testified that appellant intentionally shot her, it is contended that this remark would have a tendency to show that she did not so consider the shooting, immediately after it occurred, and would lend strength to appellant's contention that the shooting was accidental. The most that can be said is that such testimony would have a slight tendency to so show. The record discloses that Mrs. Cobb was present as a witness at the former trial and at this trial, and the law requires that diligence be used to ascertain what the witness knew in regard to the matter under investigation. Appellant was at home when Mrs. Cobb came to see his wife on the morning she was shot, and this naturally put him upon inquiry as to what her testimony would be, but he swears he made no inquiry of her. It is the rule that where a witness is subpoenaed in a case, attends court, and no inquiry as to her testimony is made of her, such application is lacking in diligence, unless some good reason is shown why she was not interviewed, and a new trial should not be granted. Powell v. State, 36 Texas Crim. Rep., 377; Halliburten v. State, 34 Texas Crim. Rep., 410.

The judgment is affirmed.                              *Affirmed.*