which count it will prosecute under such circumstances.

[3] Appellant's motion for a continuance fails to show he exercised diligence to secure the attendance of the absent witness. He waited to have process issued until the day immediately preceding the day the case was called for trial, and it is shown that no one at that time knew the whereabouts of the witness, and appellant does not show that he made any effort to ascertain the location of the witness.

[4] The testimony of Ethel Ward was properly admitted in evidence as conveying knowledge to appellant of the character of the women resorting to and residing at the house, and the further fact they were at that house plying their vocation. Appellant testified he did not know the character of the women and did not know they were plying the vocation of prostitutes while they stayed at the house; that as soon as he ascertained that fact he put the women out of the house. Ethel Ward testified she stayed at the house for a month; that her sister and another woman also stayed at this house during all the time she stayed there; that all three were prostitutes plying their vocation, and, as carrying knowledge to appellant, she testified:

"This man Wyatt came to my room several times while I was there and stayed with me a while each time. He had intercourse with me the first night I was up there and told me to be quiet up there. Certainly Wyatt knew what I was doing up there at the house."

The judgment is affirmed.

---

BULLINGTON v. STATE. (No. 4219.)

(Court of Criminal Appeals of Texas. Nov. 8, 1916. Rehearing Denied Dec. 20, 1916.)

1. CRIMINAL LAW ⬅1036(2)—APPEAL—
PRESERVATION OF EXCEPTIONS.

Error, if any, in receiving an answer of a witness in impeaching accused that he made a statement to her "just after he was tried for killing a man," when the question only legitimately called for the time of the statement, cannot be complained of by accused when it was promptly excluded and the jury directed not to consider it, in the absence of request for further instructions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2640; Dec. Dig. ⬅1036(2).]

2. CRIMINAL LAW ⬅1037(2)—APPEAL—
PRESERVATION OF EXCEPTIONS.

Accused cannot complain of alleged improper argument of the prosecutor, in the absence of requested instructions to disregard it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1691, 2645; Dec. Dig. ⬅1037(2).]

3. CRIMINAL LAW ⬅939(3)—NEW TRIAL—
NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where the application disclosed that the witness, whose newly discovered testimony was its basis, had been present at the trial and that no inquiry to secure her testimony was made, there was lack of diligence, and new trial should not be granted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2319; Dec. Dig. ⬅939(3).]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Frank M. Bullington was convicted of assault to murder, and he appeals. Affirmed.

L. C. Fuller and Cunningham & McMahon, all of Bonham, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. From a conviction of assault to murder appellant prosecutes this appeal. This is the second appeal, the opinion on the former appeal being reported in 180 S. W. 679.

[1] There are but four bills of exception in the record, the first relating to a question propounded to the witness Mrs. Press Johnson, and her answer thereto, the answer being:

"It was about the last of May or first of June—the next day after he was tried for killing that man in Dallas."

Appellant at once objected to the answer of the witness, and asked that it be expunged from the record, and the jury instructed not to consider the answer of the witness. The district attorney joined in the request, and the court at once instructed the jury not to consider it. The district attorney had asked appellant if he did not make a certain statement in the presence of Mrs. Johnson upon his return from Dallas, and he denied doing so. The state was examining Mrs. Johnson as to this matter, and merely asked her, "Do you remember the defendant being at your house last spring on the day he came back from Dallas?" The question was not improper, the state had the right and it was its duty to direct her mind to the time and place when it is claimed certain statements were made by appellant, offered to impeach him. The latter part of the answer of the witness was not responsive to the question, was a volunteer statement of the witness, and when the court promptly excluded and directed the jury not to consider it, if appellant desired any further instructions given, he should have requested that it be done.

[2] The other three bills all relate to different portions of the argument of the private prosecutor, Mr. J. M. Baldwin. The bills prepared by appellant were rejected by the court, and the court in each instance prepares other bills, giving the remarks as reduced to writing at the time by the court stenographer. The bills prepared by the court, with the setting set forth, and the full particulars connected with each objection made, would evidence very slight, if any, improper argument. No request was made that the court charge the jury not to consider such remarks, and the remarks, if any portion thereof should be held to be slightly erroneous, present no ground for reversal, in the absence of requested instructions.

[3] The only other matter presented is alleged newly discovered testimony. It is set

forth that Mrs. Lena Cobb was present the morning after Mrs. Bullington was shot by her husband (appellant), and that when they were undressing her and took some money off of her, she said: "Doctor, give that money to Frank (appellant), and he will take care of it for me." As Mrs. Bullington testified that appellant intentionally shot her, it is contended that this remark would have a tendency to show that she did not so consider the shooting, immediately after it occurred, and would lend strength to appellant's contention that the shooting was accidental. The most that can be said is that such testimony would have a slight tendency to so show. The record discloses that Mrs. Cobb was present as a witness at the former trial and at this trial, and the law requires that diligence be used to ascertain what the witness knew in regard to the matter under investigation. Appellant was at home when Mrs. Cobb came to see his wife on the morning she was shot, and this naturally put him upon inquiry as to what her testimony would be, but he swears he made no inquiry of her. It is the rule that where a witness is subpœnaed in a case, attends court, and no inquiry as to her testimony is made of her, such application is lacking in diligence, unless some good reason is shown why she was not interviewed, and a new trial should not be granted. Powell v. State, 36 Tex. Cr. R. 377, 37 S. W. 322; Halliburten v. State, 34 Tex. Cr. R. 410, 31 S. W. 297.

The judgment is affirmed.