## TAYLOR v. STATE. (No. 7896.)

(Court of Criminal Appeals of Texas. Oct. 8, 1924. Appeal Reinstated and Affirmed Nov. 5, 1924. Rehearing Denied Jan. 21, 1925.)

1. Bail ⬅⟿55—Recognizance held so defective as to require dismissal of appeal.

Unnecessarily long and prolix recognizance, not affirmatively showing that recitals and obligations referred to case, and containing much matter which might have confused judge in approving it, *held* so defective as to require dismissal of appeal.

On Motion to Reinstate Appeal.

2. Criminal law ⬅⟿939(1)—New trial for newly discovered evidence held properly refused for want of diligence.

New trial for newly discovered evidence of state's witness, with whom defendant's attorney did not talk at trial, and another, whom defendant made no effort to have present at trial, though he was in county at time, that companion, at time of purchasing whisky, told them he got it from another than defendant, *held* properly refused for want of diligence.

3. Criminal law ⬅⟿954(1)—General allegation of diligence, in motion for new trial for newly discovered evidence, insufficient.

General statement, in motion for new trial for newly discovered evidence, that diligence was used, and that defendant, by exercise thereof, could not have discovered it, is insufficient.

On Motion for Rehearing.

4. Criminal law ⬅⟿939(1), 942(2)—New trial for newly discovered merely impeaching evidence, discoverable sooner by due diligence, held not required in interest of justice.

Granting motion for new trial for newly discovered evidence of state's witness, present in court but not used, and another, whose presence defendant made no effort to obtain, though he was in county, as to statement by companion, at time of latter's purchase of whisky, that he got it from another than defendant, from whom he testified that he bought it, *held* not required in interest of justice, as against statutory rules requiring diligence in preparing case for trial and precluding new trial for newly discovered merely impeaching evidence.

Appeal from District Court, Montgomery County; J. M. Combs, Judge.

Nolan Taylor, Jr., was convicted of selling intoxicating liquor, and appeals. Affirmed.

Elmo Johnson, of Galveston, and E. T. Branch, of Houston, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. From conviction in the district court of Montgomery county of the offense of selling intoxicating liquor, with a penalty of two years in the penitentiary affixed, this appeal is brought.

[1] The state moves to dismiss the appeal because of a defective recognizance. We have carefully examined said recognizance and are of opinion that it is not in compliance with the law. Nothing in the various recitals in the recognizance as same appears in the record make it affirmatively appear that the recitals and obligations refer to this case. The recognizance is unnecessarily long and prolix and contains much matter which might have had the effect of confusing the learned trial judge when he approved the form in which same appears in the record.

The court declines to consider any other matters raised until a recognizance is presented in accordance with the plain provisions of the statute and holdings of this court.

The appeal is dismissed.

On Motion to Reinstate Appeal.

Proper appeal bond having been filed, the order and judgment dismissing the appeal is set aside, the appeal is reinstated, and the case now decided on its merits.

[2, 3] There is but one bill of exceptions in which complaint appears of the refusal of a new trial sought because of newly discovered evidence. The record discloses without dispute that on the night in question Leon Hudson, Audry Hudson, Ed Grogan, and Pat Hanson went in a car to a point near appellant's

home where Leon Hudson left the car, coming back shortly with a quart of whisky. He testified on this trial that he bought it from appellant for $3. Audry Hudson swore that he was with the party; that Leon left at the point mentioned and came back presently with the whisky. The new trial was asked upon the ground that the evidence of Ed Grogan and Pat Hanson was newly discovered. Each of these made affidavit that they were in the party mentioned, and that when Leon came back with the whisky he told them he got it from a man named Pearson. The record further discloses than Ed Grogan was subpoenaed as a witness for the state and was present at the trial, and we see no reason why appellant's attorney by talking to him could not have discovered what his evidence was. Pat Hanson was in the county of the trial at the time and no effort was made to talk to him or have him present. No evasion or misrepresentation of what their testimony would be was ever made to appellant or his attorney. Ordinary diligence would seem to have revealed to appellant or his attorney the names of the parties who were with the two Hudson boys on the occasion of the alleged purchase of the liquor. The slightest effort by talking with Grogan, who was at the trial, would have made known to appellant that which is now claimed to be newly discovered evidence. Grogan was present and Hanson was within easy reach of process of the court. This was not diligence. Powell v. State, 36 Tex. Cr. R. 377, 37 S. W. 322. A general statement in the motion that diligence was used, and that by the exercise thereof appellant could not have discovered the testimony, is not sufficient. Wilson v. State, 37 Tex. Cr. R. 156, 38 S. W. 1013. The indictment was returned in September, 1922, and the trial was not had until April, 1923. The record is bare of any showing of an effort during that time by appellant or those representing him to discover the testimony relied upon as newly discovered in this case.

Being unable to agree with appellant's contention, and being of opinion that no error appeared in overruling the motion, the judgment will be affirmed.

### On Motion for Rehearing.

In response to the insistence in the motion that there was diligence in an effort to procure testimony alleged in the motion for new trial to be newly discovered, we have again examined the record. We find nothing remotely suggesting diligence in the matter. We observe that the record shows that five persons went together in a car to a point on the road about 100 or 150 yards from appellant's house on the night of the alleged sale. Leon Hudson swore that he got out of the car and went to appellant's house and bought the whisky in question from the latter, and brought it back to the car. Three of the oc-

267 S.W.—46

cupants of the car were present at the trial as witnesses. Two were used by the state and the other was not put on the stand. No effort on the part of appellant or any one for him to procure the presence or testimony of the other two men who were in the car is shown, nor was any effort made to ascertain the testimony of the witness who was present but unused.

[4] Appellant insists that justice calls for the granting of his motion for new trial. Let us see. In Duncan v. Magette, 25 Tex. 253, Judge Roberts used the following language:

"Whoever undertakes to determine a case solely by his own notions of its abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates law.

"A sense of justice, however, must and should have an important influence upon every well organized mind. in the adjudication of causes. Its proper province is to superinduce an anxious desire to search out and apply, in their true spirit, the appropriate rules of law. It cannot be lost sight of. In this, it is like the polar star that guides the voyager, although it may not stand over the port of destination.

"To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow the rules of law, in their true spirit, to whatever consequences they may lead, is a duty."

The new evidence relied on by appellant was evidenced by an affidavit made by the witness who was present at court but not used, and one of the other occupants of the car who was in the county and no effort made to obtain his presence. The substance of their affidavits was that when Leon Hudson came back with the whisky on the night in question, he said he got it from a man named Pearson. Appellant took the stand and testified in his own behalf, but did not claim that any man named Pearson had ever been at his house or that he knew any man named Pearson. If it be conceded, for the sake of argument, that Hudson told any of the party in his car when he got back that he got the whisky from some one named Pearson, such fact, if admitted by Hudson or proven by the testimony of the absent witnesses, could but affect Hudson's credibility as a witness. It is a sad fact that purchasers of intoxicating liquor, sold to them in violation of the law, seem often possessed of the delusion that they must conceal the identity of the person thus guilty. Hudson might have admitted making the statement that he bought it from a man named Pearson, if he had been asked about it while on the witness stand. We have here then two statutory rules, one requiring diligence in the preparation of a case for trial on the part of the accused, and the other setting forth that a new trial will not be granted for new evidence whose effect is to impeach a witness, both of which rules we are asked to set aside upon the proposition that so-called

justice would be thus served. In our view, to put aside these settled rules, as said by Judge Roberts, would be to break down the barriers by which the rules of justice are erected into a system, and thereby annihilate law. We regret that we cannot do so.

The motion for rehearing will be overruled.