## MARION ROGERS V. THE STATE.

No. 18465.   Delivered October 21, 1936.
Rehearing Denied February 10, 1937.

The opinion states the case.

*H. L. Williford,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of theft of two hogs, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the testimony is insufficient to warrant and sustain his conviction. The State proved that on the night of December 29, 1934, Ausencio Dabila lost two hogs. The next morning he instituted a search for them. He found tracks of the hogs leading from his lot, where they were in the habit of bedding at night, down into the pasture, through a gate, and onto the highway. He also found on each side of the hog tracks and following the same human tracks indicating that one person drove the hogs while some other person on either side of them prevented their escape. The State further proved by Sam Lawrence, a self-confessed accomplice, that on Saturday afternoon appellant sent a note to him in which he requested Lawrence to meet him in the Mexican's pasture, that he was ready to get the hogs. Said witness further testified that he and A. T. Reed met the appellant at the designated place; that they drove the hogs to the home of the witness where they slaughtered them in the early part of the night; that the next morning some parties from Palestine, accompanied by the appellant, came to the home of the witness, purchased the carcasses, loaded them into an automobile and left. The State also proved by Corrine Lusk and Jimmie Lawrence that on the night of the commission of the offense they attended a show at Oakwood; that when they returned to the home of Sam Lawrence that they saw the appellant there in the yard washing his hands in a wash pot. It occurrs to us that the State made a complete case against the appellant by the testimony of Sam Lawrence, the accomplice, who was corroborated as to certain facts and circumstances testified to by other witnesses which we deem sufficient to justify and sustain the conviction.

Appellant by a number of exceptions complains of the action of the trial court in overruling his motion for a new trial based on newly discovered evidence. The bills of exception disclose that the parties who were in possession of the newly discovered evidence were witnesses in attendance at court and their names appeared upon the back of the indictment, but appellant did not deem it necessary to inquire of them, or either of them, either

before or during the trial what they knew relative to the commission of this offense. Moreover, it was shown by the testimony of the State that Annie Lou Lusk was at the home of Sam Lawrence on the night of the alleged theft, yet no effort was made to ascertain from her whether she saw the appellant at Lawrence's home, or what she knew about the transaction under investigation; neither has he assigned any reason why he did not make some inquiry. It is our opinion that the bills of exception fail to disclose that degree of diligence necessary which would authorize this court to reverse this case. In support of the views herein expressed we refer to the case of Bullington v. State, 80 Texas Crim. Rep., 309 Powell v. State, 36 Texas Crim. Rep., 377; Smith v. State, 31 Texas Crim. Rep., 14.

The matters complained of in bill of exception number two as to the manner and conduct of the county attorney in cross-examining the defendant's witness is not to be commended. However, the court withdrew the questions and answers from the consideration of the jury and instructed them not to consider the same for any purpose. Under the circumstances we do not believe that the same constitutes reversible error.

It is therefore ordered that the jurgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we were in error in the disposition of his bill of exception complaining of the cross-examination by the district attorney of appellant's witness Thompson.

We have frequently held that an improper question may be asked of an accused, or of a witness, in such manner as to get before the jury a prejudicial fact which would call for reversal. See 42 Tex. Jur., page 203, and cases there cited. The bill of exception complaining of the cross-examination of Mr. Thompson has been again examined. We find many questions in the bill which do not appear improper, and none of them is thought to demand a reversal in view of the court's action in withdrawing the questions and answers from the jury.

For the first time appellant in the motion for rehearing suggests that there is in the record no sufficient proof of venue.

The prosecution was for theft of hogs from Ausencio Dabila alleged to have been committed in Freestone County. The evidence shows that the hogs were taken from a point near the lot gate of the owner, who testified that he did not know whether he lived in Freestone or Leon County. However, Mr. Hester, the constable, testified that he knew where Dabila lived in Freestone County about two or three hundred yards from the Leon County line. This would appear to sufficiently fix the venue. Even if that were not true Art. 847, C. C. P., provides among other things that this court "shall presume that the venue was proven in the court below * * * unless such matter was made an issue in the court below, and it affirmatively appears to the contrary by a bill of exception approved by the judge of the court below, or proven up by bystanders as provided by law, and duly incorporated in the transcript." In the absence from the transcript of any showing that such issue was raised in the lower court the statute referred to disposes of the question of venue.

The motion for rehearing is overruled.

*Overruled.*