(Court of Criminal Appeals of Texas. Oct. 17, 1917. Rehearing Denied Jan. 16, 1918.)

1. INTOXICATING LIQUORS ☜205(2)—PROSE-CUTION—INDICTMENT.

Indictment alleging that commissioners' court passed and published order declaring result of local option election, and thereupon the order was published for the time and in the manner required by law, sufficiently alleges publication of the order.·

2. CRIMINAL LAW ☜938(2)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Affidavit showing that witness would have testified that accused did not work for him at the time another witness said he did, and at the time of the sale of the whisky, was not newly discovered testimony, as accused knew such facts at the time of the trial.

Appeal from District Court, Cooke County; C. F. Spencer, Judge.

Fump Coursey was convicted of violating the local option law, and he appeals. Affirmed.

J. L. Gettys, W. S. Moore, and Culp & Culp, all of Gainesville, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of violating the local option law, his punishment being assessed at two years' confinement in the penitentiary.

[1] The indictment is attacked because of insufficiency in alleging the publication of the order declaring the result. The particular portion which is the subject of criticism is as follows:

"* * * and thereupon the commissioners' court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county, and thereupon said order was published for the time and in the manner required by law, and thereafter on or about the 15th day of December, A. D. 1916," etc., appellant sold intoxicating liquors.

Under the authority of Watson v. State, 52 Tex. Cr. R. 551, 107 S. W. 544, and Jones v. State, 52 Tex. Cr. R. 519, 107 S. W. 849, this allegation in the indictment seems to be sufficient. This indictment does not come within the rule laid down in the Smitham Case, 53 Tex. Cr. R. 173, 108 S. W. 1183. There are quite a number of cases preceding the Smitham Case, all to the same effect, but in those cases the indictment only alleged that the order was published by the commissioners' court. A comparison of the Jones and Watson Cases, supra, with that line of cases, including the Smitham Case, supra, show that the court has drawn a distinction between the character of indictment here set out and those mentioned in the Smitham and preceding cases, sustaining both lines of cases and holding them not in conflict or incongruous. We are of opinion that under the authority of the cases of Watson and Jones, supra, this indictment is sufficient.

It is contended that the evidence is not sufficient. Under a number of cases, which we deem unnecessary to cite, we are of opinion the state's evidence justified the verdict.

[2] There is an affidavit of Price attached to the motion for new trial which would indicate, had he been a witness, he would have testified that appellant did not work for him at the time that state's purchasing witness testified he did, and at the time of the sale of the whisky. This was not newly discovered testimony. All those facts, if true, appellant knew at the time of and before the trial, and no attempt was made to secure the attendance of Price.

As this record is presented to us we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

LEWIS v. STATE. (No. 4723.)

(Court of Criminal Appeals of Texas. Nov. 28, 1917. Rehearing Denied Jan. 16, 1918.)

1. CRIMINAL LAW ☜1124(4)—APPEAL—RECORD—NEW TRIAL.

Unless the evidence heard upon motion for new trial is preserved and filed with the appellate court, it cannot be passed upon, and the action of the trial judge in overruling the motion must be upheld.

2. CRIMINAL LAW ☜938(2)—NEWLY DISCOVERED EVIDENCE—INTERVIEWING AND EXAMINING WITNESSES.

Testimony of a witness who heard the testimony of deceased's wife at the examining trial, with which it is desired to impeach such wife's testimony given at the regular trial, is not newly discovered evidence, warranting new trial, where defendant and his attorney were not only present at the examining trial, but introduced such evidence as there given, in the regular trial, at which such witness under subpœna was also in attendance.

3. CRIMINAL LAW ☜942(1) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

A new trial will not be granted upon newly discovered evidence which would go solely toward impeaching a witness.

4. CRIMINAL LAW ☜1156(3)—REVIEW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

The question of granting a new trial on the ground of newly discovered evidence is largely left to the discretion of the trial judge, and will not be disturbed, except where appellant shows that the court abused its discretion.

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Ike Lewis was convicted of murder, and he appeals. Affirmed.

Tom Whipple, of Waxahachie, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of murder, and assessed the lowest punishment.

The sole question is whether or not the court erred in refusing a new trial on the grounds of claimed newly discovered testimony. This claimed newly discovered testimony was that of Officer G. T. Miller to the

effect that he was present at the examining trial of appellant and heard the wife of deceased testify therein; that upon being asked where her two grandsons were when the shooting started, she replied that they were in the room where she was, and that when the shooting started they both ran out of the back door into the back yard, and that she did not know where they went.

[1] The judgment of the court shows that in acting upon appellant's motion for new trial the judge heard the evidence, and then overruled the motion. What that evidence was is in no way disclosed by the record herein. Doubtless it was amply sufficient of and within itself to show that the court's action in overruling the motion was correct. It has all the time been held by this court that, where the record shows that the court heard evidence in ruling upon such motions as this, it is incumbent upon the appellant to preserve that evidence and have it filed during term time in order to authorize this court to pass upon whether the court's action was correct or not. As none of the testimony so heard by the judge is in any way made to appear in this record, this of itself would clearly require this court to hold that the action of the lower court in overruling his motion for new trial was correct. For the cases on this point see Guerra v. State, 189 S. W. 953; Ethridge v. State, 74 Tex. Cr. R. 638, 169 S. W. 1152; Graham v. State, 73 Tex. Cr. R. 34, 163 S. W. 726; and many other cases.

[2-4] The law on the subject of newly discovered testimony is so well settled that it needs no discussion or citation specially to the authorities now. Even if we could consider this ground without knowing what the testimony was which the judge heard, the record clearly shows that one of appellant's attorneys who tried this case was present and represented appellant in said examining trial. Of course, the appellant himself also was then present, and if deceased's wife gave any such testimony therein as claimed, they both must have heard and known of it at the time; so that as a matter of fact it could not have been newly discovered testimony. Dobson v. State, 65 Tex. Cr. R. 639, 146 S. W. 546. Moreover, said Miller was subpœnaed and attended this trial as a witness. Powell v. State, 36 Tex. Cr. R. 377, 37 S. W. 322; Halliburton v. State, 34 Tex. Cr. R. 410, 31 S. W. 297; Williams v. State, 45 S. W. 572. In addition appellant produced and introduced on this trial the whole of the testimony of deceased's wife given on said examining trial. Again, the purported newly discovered testimony, even if it could be held to be such, would go solely to the impeachment or contradiction of deceased's wife. Wormley v. State, 65 Tex. Cr. R. 49, 143 S. W. 615, and cases there cited. And again the question of granting a new trial on this ground is left largely to the discretion of the trial judge. At least this court will not reverse unless appellant shows that the trial court abused its discretion in not granting the new trial. Gray v. State, 65 Tex. Cr. R. 206, 144 S. W. 283, and cases cited.

For all of these reasons the action of the court in denying the new trial does not show any error. The rules regarding this subject and the authorities are stated by Judge White in his Ann. C. C. P. § 1149, and cases there cited, and in 1 Branch's Ann. P. C., §§ 192–205, and it is unnecessary to now state or discuss them.

The judgment is affirmed.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes