WYATT DANIEL v. THE STATE.

No. 15482.  Delivered December 14, 1932.
Rehearing Denied February 22, 1933.
Reported in 57 S. W. (2d) 101.

The opinion states the case.

*Ashworth, Crisp & Ashworth,* of Kaufman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Selling liquor is the offense; the punishment, one year in the penitentiary.

Two peace officers, J. W. Tidwell and H. F. Steifer, testified that Charlie Harris, the man to whom the appellant was alleged to have sold the liquor, lived on South Delphine St. in Terrell, Texas; that Charlie Harris, his mother, and his brother lived there; that about 8:30 or 9 o'clock at night they went to Harris' house and waited there about 15 or 20 minutes; that the appellant, Wyatt, Daniel, drove up in his car. They knew the appellant at the time and knew his car. They further testified that, when appellant drove up to the house, he did not stop his car out in the street, but made a little circle and stopped about two feet from the front porch. When the appellant stopped his car, the said Charlie Harris came out and appelant handed him a paper sack, and Harris handed appellant five dollars and appellant gave him back two one dollar bills. One of the officers testified that, when Harris received the paper sack he went into the house and put the sack on a machine, and he, the officer, made an effort to get the sack, and it was broken in the struggle that ensued. Both officers testified positively that it was whisky that was contained in the fruit jar in the sack. The effect of the other officer's testimony is that in the struggle between the officer and Harris the sack fell to the floor and Mrs. Harris, the mother of Charlie Harris, kicked it against the bedpost where it was broken. By and with the consent of the appellant, the officers searched his automobile and found on his person a five dollar bill and also some other bills. The officers then arrested appellant.

The appellant testified in his own behalf, and admitted his presence at the time and place in question, but said he was there for the purpose of collecting a debt for three dollars which Harris owed him and when Harris gave him the five dollars to pay him, Harris told the appellant that he could not pay him but $2.50 out of the five dollar bill, and the appellant stated to the said Harris that he did not have the change and gave him back two dollars and said he would give him the fifty cents the next day. He denied delivering Harris any whisky or that he sold Harris any whisky. Appellant was corroborated by his nephew who was riding with him at the time in the car to the effect that he did not deliver a sack containing whisky to the said Harris, but the transaction involved only collection of money owed appellant by the said Harris.

Two bills of exception appear in the record. Bill of exception No. 1 complains of the following statement of the assistant county attorney in his argument to the jury: ·

"Gentlemen of the Jury, you know and I know why J. W. Tidwell and H. F. Steifer went down to Mrs. Harris' house that

night, you know that they didn't go just to be going and I tell you that they went down there and sat on the negro's front porch in front of old lady Harris' house for the purpose of catching this defendant, Wyatt Daniel, deliver whisky at Mrs. Harris' house and they would not have gone down there to catch Wyatt Daniel if they had not had some information that he would be there with some whisky."

To this language counsel for appellant objected and excepted, giving as his reasons that said argument was not warranted by the evidence and was entirely outside of the record; that said statements so made were hurtful to the rights of defendant and calculated to mislead the jury and cause them to believe that said Steifer and Tidwell had received information that the said defendant would go to said house on said night and deliver liquor to some person at said place, and said argument was highly prejudicial. The bill further shows that the court overruled said objection, and said argument was permitted to go before the jury, to which defendant then and there excepted. The record shows that the said Tidwell and Steifer were the two officers who testified for the state to the effect that they had gone to said house, and after ten or fifteen minutes saw the appellant drive up in his car and deliver whisky to said Harris and receive pay therefor.

In permitting the argument, we are of the opinion that the trial court did not err, for the reason that the argument complained of was a reasonable deduction from the testimony adduced on the trial, and counsel for either side had the right in their argument to the jury to draw reasonable deductions from the testimony adduced on the trial. Branch's Ann. P. C., sec. 370; Cooper v. State, 147 S. W., 275; Grantland v. State, 146 S. W., 196; Morrison v. State, 40 Texas Crim. Rep., 496, 51 S. W., 358. While nothing in the trial of the case should be done or said, if it can be avoided, that is calculated to prejudice the rights of defendant or prejudice him in the eyes of the jury, granting that the argument should not have been made, it is not made to appear from said bill or from the record that the argument was of such character that injury would result to appellant by reason thereof. The punishment assessed by the jury was the minimum punishment, and we are unable to agree with the appellant that the assistant county attorney's argument would warrant a reversal of this case in the light of all the evidence. The facts and surroundings of the particular case should be looked to in determining the effect of an argument complained of. The same language under a certain state of facts might be highly prejudicial, and not so regarded under

other circumstances. Silver v. State, 110 Texas Crim. Rep., 512, 8 S. W. (2d) 144; McKenzie v. State, 11 S. W. (2d) 172.

Bill of exception No. 2 shows that among grounds set up by the appellant as grounds for new trial was that of newly discovered evidence, towit, the testimony of Mrs. Charlie Harris, whose affidavit was appended to appellant's motion for new trial, and wherein she stated in substance that there was no light of any character in the north room, and that the door entering the north room was fastened with a bar, and was not opened on the occasion of the arrest of the appellant, and she did not own any character or kind of machine, and there was none in the house on the occasion of the arrest of the appellant; that she did not go into the north room on said occasion and did not kick a fruit jar containing liquor against the bedpost or any other object on said occasion; that the first time she knew of the presence of the witness Tidwell (one of the arresting officers) was when she awoke and the witness Tidwell and her son, Charlie Harris, were on the floor in her bedroom in a fight; that, when she awoke, she saw blood on her son, and she immediately fainted and did not know what transpired thereafter, but there was no whisky in her home on said occasion and no scuffle between herself and her children with the witness Tidwell over a package containing a fruit jar or any other substance. The affidavit further showed that she had never told the appellant or his attorney of the facts contained in the said affidavit until a few days after the appellant had been tried and convicted.

There is an entire absence in the record of any diligence on the part of the appellant to secure this testimony and having it upon the trial of the case. The appellant must necessarily have known that the witness was present on the occasion. It was not shown that he interrogated her or tried to find out what her evidence might be. We therefore deem it unnecessary to determine whether the alleged newly discovered testimony is material. The mere fact that it may have been unknown to appellant or his counsel until after the trial and that Mrs. Harris did not make known to them what she knew until after the trial did not make this evidence newly discovered where no diligence was used to ascertain the facts. Branch's Ann. P. C., sec. 198; Harris v. State, 35 S. W. (2d) 1046. It was not only incumbent upon the appellant to show the trial court that the new testimony had come to his knowledge since the trial, but it was further necessary to show that it was not owing to a want of due diligence that it was not discovered sooner. Branch's Ann. P. C., supra; Koontz v. State, 41 Texas, 570;

Dansby v. State, 53 S. W., 105.  This the appellant failed to do. The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—A careful re-examination of the record in the light of the appellant's motion for rehearing leads us to the conclusion that the proper disposition of the case was made in the original opinion.

The motion is overruled.

*Overruled.*