WILMOT HARRIS SMITH V. STATE

No. 27,795. November 23, 1955

*Burks & Brown,* by *Clifford W. Brown* and *Burton S. Burks,* Lubbock, for appellant.

*Travis D. Shelton,* District Attorney, *Forest Bowers,* Special Prosecutor, both of Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted under Art. 802c, V.A.P.C., of the offense of murder without malice and assessed punishment of confinement in the penitentiary for two years.

The facts are undisputed that on the night of December 8, 1954, the appellant, while driving his Cadillac automobile, was involved in a collision with a Nash Rambler automobile driven by the deceased, Miss Betty Jean Hancock, at the intersection of 32nd Street and Avenue V in the city of Lubbock, Texas; that Miss Hancock was killed in the collision.

It is shown that 32nd Street runs east and west and was a through street for traffic; that Avenue V runs north and south and had stop signs erected at its north and south entrances to 32nd Street; and that before the collision appellant was traveling north on Avenue V.

After the collision appellant was seated under the steering wheel of his automobile in an unconscious condition. The car was headed south and located against the east curb line of Avenue V some 24 feet north of the intersection. The body of Miss Hancock was lying behind the Cadillac with her head against the east curb of Avenue V some 53 feet north of the intersection. The Nash car was headed south and sitting against a house nine feet from the east curb line of Avenue V and 35 feet north of the intersection. The lights were not burning, although a switch was pulled out. After the switch had been pushed in and again pulled out the lights would burn.

The record shows that Miss Hancock had a restricted driver's license requiring that she wear glasses, and that after the collision these glasses were found in the street at the intersection.

The state's testimony further shows that the two cars collided near the center of the intersection, and from photographs taken of the automobiles after the collision, it appears that the

point of impact to the Cadillac was at the front, which was heavily damaged; that the Nash had no damage to the front but that the point of impact was on its right side; and that after the collision it came to rest some 60 feet from the point where the two cars collided.

Appellant testified that as he proceeded north on Avenue V before the collision, he stopped at the stop sign, looked to his right and left, and was traveling not over ten miles an hour at the time of the collision; that before the collision he saw a car coming from his left but does not remember seeing any lights. He admitted having taken four or five drinks of whisky that afternoon and night but testified that he was not intoxicated at the time of the collision.

The state offered the testimony of two of the investigating officers and the ambulance driver, who carried appellant to the hospital, to the effect that they could smell alcohol on the appellant's breath after the collision and expressed the opinion that he was intoxicated at such time.

A blood specimen was taken from the appellant after the collision with his consent which, upon being examined at the Texas Department of Public Safety, was found to contain .28 per cent of alcohol. According to the testimony of the chemist who examined the specimen, this was a sufficient concentration of alcohol to render a person intoxicated.

By Bill of Exception No. 1 appellant complains of the action of the trial court in permitting the state's witness, Jack Honeycutt, to testify that the appellant's reputation was bad, and in refusing to withdraw such testimony from the jury after the witness had been examined by appellant's counsel as to the knowledge upon which he based his opinion. The bill shows that the witness, upon being questioned by the state and having testified that he was acquainted with appellant's general reputation for being a peaceable law-abiding citizen, stated that it was bad. Appellant objected on the ground that the state was attempting to go into his reputation prematurely. It is further shown that after the witness had been permitted to give such testimony, upon being cross-examined by appellant's counsel, he testified that although he had never heard anyone say anything about the appellant's reputation for being a peaceable law-abiding citizen in those certain words, his opinion was based mostly on what he had heard about the appellant. It was brought out by appellant's counsel, in the absence of the jury, that the witness

had heard people say that appellant stayed drunk all the time, was a reckless driver of his automobile and motorcycle, was very reckless with airplanes, and that he had heard of the appellant shooting pistols in the city limits. After such examination appellant moved the court to withdraw from the jury's consideration the answer of the witness on the ground that his opinion was founded on statements of others as to specific acts rather than having heard the appellant's general reputation discussed.

The court did not err in permitting the state, while putting on its testimony in chief, to offer proof as to appellant's bad reputation. The appellant, having filed his application for a suspension of sentence, placed his reputation in issue, and either party was authorized to introduce evidence on such issue. Skelton v. State, 106 Texas Cr. R. 90, 291 S.W. 238; Jackson v. State, 155 Texas Cr. R. 466, 236 S.W. 2d 623; Taylor v. State, 157 Texas Cr. R. 124, 247 S.W. 2d 127. Nor did the court err in refusing to withdraw from the jury's consideration the answer of the witness, after he had been cross-examined by appellant's counsel and stated that his opinion was based upon what he had heard people say about the appellant. One's general reputation is what is generally said about him in the community in which he lives and is necessarily based upon hearsay. Stewart v. State, 148 Texas Cr. R. 480, 188 S.W. 2d 167. The things which the witness testified he had heard people say about the appellant might well affect the weight to be given the opinion, but would not require that the testimony be withdrawn. The witness was qualified to express his opinion based on what he had heard.

Complaint is next made of the failure of the court to charge on circumstantial evidence. Appellant insists that since no witness to the collision testified, proof of the essential element of the offense that his intoxication caused the death of the deceased was based upon the testimony of the witnesses who observed the scene after the collision and, therefore, on circumstantial evidence.

In 24 Texas Jur. p. 587, Sec. 101, the rule is stated that a charge on circumstantial evidence is not required where the state's evidence is direct, nor "if the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony."

Appellant's admission that he was the driver of the automobile constituted direct evidence on this element of the offense. The

testimony of the witnesses that appellant was intoxicated after the collision constituted direct evidence on this issue.

The evidence of the witnesses and the physical facts at the scene immediately after the collision were proof of facts in such close juxtaposition to the facts of the cause of the collision as to constitute direct evidence on the issue of whether appellant's intoxication caused the death of the deceased. Under the evidence the court was not required to charge on circumstantial evidence. The cases of Landry v. State, 156 Texas Cr. R. 350, 242 S.W. 2d 381, and Smith v. State, 161 Texas Cr. R. 620, 273 S.W. 2d 623, support the conclusion reached herein.

The court did not err in overruling appellant's motion for new trial on the ground of newly discovered evidence.

The affidavit of the newly discovered witness is attached to the motion, and his testimony given at the hearing only shows that he would have testified that on the night of the collision he was driving south on Avenue V one block north of the intersection where the collision occurred; that he saw a car traveling north on Avenue V, approaching the interrsection of 32nd Street on the right-hand side of the road with its lights on; that he did not see any lights from the car approaching the intersection from the west on 32nd Street. The witness testified that he did not see the collision, but as he was preparing to turn east on 31st Street, he heard a noise and then saw the lights on the car that was traveling north on Avenue V, and it looked like the car was turning to the west; that he turned left on 31st Street, and after going to a Seven-Eleven Store, he returned in about 15 or 20 minutes to the scene of the collision, and without getting out of the car, ascertained who was in the collision.

A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the court and unless an abuse of such discretion is shown his decision will not be disturbed on appeal. Lewis v. State, 82 Texas Cr. R. 285, 199 S.W. 1091; Ashworth v. State, 151 Texas Cr. R. 83, 205 S.W. 2d 788.

Appellant's contention that the court should have granted his motion for new trial because the state failed to controvert the motion is without merit. The record shows that the state was represented at the hearing by counsel who examined the witness offered by the appellant. In Cade v. State, 96 Texas Cr. R. 523, 258 S.W. 484, it was held that the state was not required to file written pleadings to controvert a motion for new trial

which was supported by affidavits, and that where evidence was heard by the court upon the issues of fact raised in the motion, the averments of the motion are controverted within the meaning of the statute.

The judgment and sentence recite that appellant was adjudged guilty of "murder with a motor vehicle" and the same are hereby reformed to read that appellant is found guilty of killing Betty Jean Hancock by accident or mistake while in the performance of the unlawful act of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor as provided by Art. 802c, V.A.P.C.

The judgment, as reformed, is affirmed.

Opinion approved by the court.