**John Thomas GLORIOSO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C–14–86–444–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 1987.

203

Julie Francis Hill, Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for possession of less than 28 grams of a controlled substance, heroin. Appellant entered a plea of not guilty. He was found guilty by a jury and his punishment, enhanced by two prior felony convictions, was assessed at ninety-nine years confinement in the Texas Department of Corrections. We affirm.

Appellant was a passenger in a car stopped for a traffic offense. The driver was not able to produce a driver's license or proof of insurance and one of the police officers recognized Appellant and knew he had an outstanding traffic warrant. Both Appellant and the driver were arrested and Mirandized.

Appellant raises five points of error. In his first point of error he alleges ineffective assistance of counsel.

■■■■ Claims of ineffective assistance of counsel are evaluated according to the two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 104 S.Ct. at 2064. The right to effective assistance of counsel does not mean errorless counsel and does not allow a defendant to judge the adequacy of counsel's performance by hindsight. *Ex parte Carillo*, 687 S.W.2d 320, 323–24 (Tex.Crim.App.1985). Rather, it requires counsel reasonably likely to render and who does render reasonably effective assistance of counsel. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985). Further, in determining whether the defendant was denied effective assistance of counsel, the particular circumstances of the individual case must be considered and the adequacy of the representation evaluated in light of the totality of the representation rendered, rather than isolated acts or omissions of counsel. *Moore v. State*, 694 S.W.2d at 531; *Ex parte Carillo*, 687 S.W.2d at 324.

■■■■ Appellant contends that his counsel: 1) improperly advised him on the applicable range of punishment; 2) failed to seek suppression of his oral statement; 3) failed to object to the prosecutor's insinuations that the defense counsel had improperly obtained a copy of the arresting officer's field notes, and; 4) failed to object to the court's charge on the law of parties.

Prior to jury selection, defense counsel put Appellant on the stand to place in the record Appellant's knowledge and rejection of the State's offer to recommend a punishment of thirteen years imprisonment in return for Appellant's guilty plea. Appellant's counsel elicited the following testimony:

Q: Are you aware the range of punishment for possession of heroin is from 5 years, and life or 99 years?

A: Yes, sir.

Q: Are you also aware that in the event this Court, if you decide to be punished by the Court, or the jury, if they find those two enhancement paragraphs true, you can receive a range of punishment anywhere from 5 years or 99 or life?

A: Yes, sir.

Q: Has it been communicated to you by both myself and the assistant District Attorney that in exchange for your pleading guilty to this offense you would be sentenced, or the recommendation made to the Judge, sentence you to 13

years in the Texas Department of Corrections?

A: Yes, sir.

Q: Has this fully been explained to you, the ramifications of your plea of guilty as opposed to continuing with your plea of not guilty and going to a jury for guilt or innocence?

A: Yes, sir.

Appellant refused this offer and pleaded not guilty to the offense.

Appellant's counsel incorrectly stated the punishment ranges applicable to the offense. The correct punishment range is from two to twenty years without enhancement, or from twenty-five to ninety-nine years or life if the offense is enhanced by two prior felony convictions. Neither the prosecutor nor the judge corrected the defense counsel's error. It is significant that during final arguments both the prosecutor and the defense counsel correctly stated the applicable punishment ranges. Appellant asserts on appeal that defense counsel's incorrect statement *could* have affected his choice to accept the plea bargain or to go to trial.

This case is distinguishable from those cases cited in which the defendants were induced to enter guilty pleas through inaccurate advice concerning the range of punishment. *See McGuire v. State*, 617 S.W. 2d 259 (Tex.Crim.App.1981); *Ex parte Burns*, 601 S.W.2d 370 (Tex.Crim.App. 1980). It is well settled that an accused is entitled to receive effective assistance of counsel during the plea bargaining process. *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim.App.1987). A defense attorney has a duty to fully advise his client regarding the desirability of a particular plea. However, the responsibility for the decision on what plea should be entered rests solely on the accused. *Ex parte Wilson*, 724 S.W.2d at 74; *See* Texas State Bar Code of Professional Responsibility, Ethical Consideration 7–7.

If the accused is to make an informed decision regarding his plea, he must be fully aware of all the alternatives and consequences. *Hanzelka v. State*, 682 S.W.2d 385, 387 (Tex.App.—Austin 1984, no pet.).

The misstatement of the applicable punishment ranges *could* have affected Appellant's rejection of the State's offer. The understatement of the minimum sentence applicable if both enhancements were found true would certainly make the State's offer appear less attractive. However, to satisfy the *Strickland* test, we must also find that this prejudiced the defense. *Ex parte Wilson*, 724 S.W.2d at 73. Appellant has the burden of demonstrating affirmative prejudice. *Strickland v. Washington*, 104 S.Ct. at 2067. In the absence of any evidence or testimony showing harm or reliance, Appellant has failed in his burden to show prejudice resulting from this alleged error.

Appellant next complains that his defense counsel did not attempt to suppress an oral statement made by Appellant which established his ownership of the satchel containing the heroin.

The record shows that after Appellant was arrested, read his *Miranda* warnings and placed in the back of a patrol car, one of the police officers began an inventory search of the vehicle. The officer found a satchel laying on the floorboard on the passenger side of the car. When he picked it up, the satchel came open and the officer saw a switchblade knife. The officer approached the patrol car and asked who owned the satchel. Appellant responded "That's mine." When asked about the switchblade, Appellant denied any knowledge of the knife. This evidence was admitted without objection at trial and no pre-trial Motion to Suppress was filed. Appellant asserts that this oral statement was the only evidence linking him to the heroin, which was also found in the satchel, and that his trial counsel was ineffective in not seeking to have it suppressed.

We find that Appellant's oral statement was voluntarily made subsequent to *Miranda* warnings. Appellant simply chose to waive his *Miranda* rights and admit ownership of the satchel. Even if Appellant's trial counsel had objected to the introduction of this statement, the trial court should have overruled the objection. The officer asked a proper question to deter-

mine ownership of the satchel for inventory purposes. The heroin was not discovered in the satchel until a more complete inventory was taken at police headquarters.

Appellant also asserts that his defense counsel should have objected to the admission of some oral statement he allegedly made while he was in jail. However, the record indicates that this statement was not offered into evidence at trial. When the subject of this statement was raised, defense counsel asked to approach the bench and apparently objected to the introduction of the statement although the bench discussion was not recorded. Thereafter, the State avoided eliciting from the witness any evidence related to the statement made by Appellant while he was in the jail.

Appellant next asserts that his trial counsel was ineffective in failing to object to certain insinuations by the prosecutor and police officers that the trial counsel had improperly obtained a copy of the arresting officer's field notes. The record reflects that the defense counsel first attempted to place the field notes in evidence for the purpose of establishing that the notes contained no reference to Appellant's assertion of ownership of the satchel. After the prosecutor elicited testimony during voir dire of the police officer that the officer had not personally given these notes to defense counsel, and objected to its introduction on the basis that it constituted a work product of the State, defense counsel withdrew the offer of the notes and instead used the document to refresh the officer's memory. The remaining instances in which the field notes were discussed involved attempts by the defense counsel to discredit the officer's testimony regarding the events of Appellant's arrest by showing that the field notes did not contain many of the specifics to which the officer testified. The State then attempted to show that the purpose of the notes was simply to refresh the officer's memory and that this was why significant details might be omitted. Appellant asserts that defense counsel's actions "allowed the State ... to develop in much detail ... the misconduct." Appellant contends that the fact that the jury

asked to see the notes during deliberations indicates that he was harmed by defense counsel's conduct. However, we can only speculate as to thereason the jury requested the notes. We do not find the defense counsel's performance to be deficient.

The final area of representation in which Appellant contends that his trial counsel's performance was deficient concerns the preparation of the jury charge. The State requested a charge on the law of parties. Defense counsel objected to this proposed charge on the basis that there was no evidence of collusion between Appellant and the driver of the car other than the fact that they were riding together. In response, the prosecutor argued that defense counsel would undoubtedly proceed on the theory that the drugs belonged to the driver of the car and argued that the State therefore would be entitled to argue that even though the drugs might belong to the driver, Appellant could still be found guilty of possession under the law of parties. The State then filed a Motion in Limine that prohibited defense counsel from arguing that the drugs belonged to the driver in the event the charge on the law of parties was refused.

After a lengthy discussion between the prosecutor, defense counsel and the trial judge, the judge indicated that the charge on the law of parties and the Motion in Limine would be denied but, if defense counsel raised the issue that the heroin belonged to the driver of the car, *then* the State would be entitled to argue that there could be joint possession of the drug. A discussion of the prospect of charging the jury on joint possession ensued. Subsequently, the defense counsel concluded:

> Well, your Honor, it makes it much more confusing than it needs to be. This is a straightforward, two-day case. I think the charge here is sufficient. I'll withdraw my objection if we are going to get into joint, going to get into other charges, and more complicated than it already is.
>
> It's a very simple case and this is a very simple charge. I think this is ideal for the jury. If he wants to argue that

Glorioso was encouraging and directing and aiding, that's fine.

Appellant contends that "a strong argument could be made" that the charge was not authorized by the evidence and that the defense counsel's acquiescence to the charge precluded meaningful appellate review of its propriety. We find from our review of the record that defense counsel's decision to withdraw his objection to the charge was clearly an exercise of trial strategy. While other counsel may have chosen a different strategy, we cannot say that this counsel's choice was not a sound one.

We conclude from our review of the record that, based upon the particular circumstances of this case and in light of the totality of the representation rendered by this defense counsel, Appellant was not denied effective assistance of counsel. Point of error one is overruled.

■ In point of error two, Appellant asserts that the trial court erred in admitting Appellant's oral statements because the police officer believed him to be under the influence of drugs when the statements were made. The first statement Appellant contends was involuntary was his admission of ownership of the satchel. The second was his apparent indication that the substance found wrapped in aluminum foil was heroin. As previously noted, no attempt was made to introduce Appellant's statement identifying the substance as heroin.

The arresting officer testified that Appellant was very nervous, sweating profusely, and his eyes were dilated at the time of his arrest. Further, the officer formed the "opinion" that Appellant was under the influence of heroin at the time of his arrest. Appellant also contends on appeal that he would not have admitted ownership of the satchel had he not been under the influence of heroin at the time of his arrest.

There is no evidence in the record that Appellant was, in fact, under the influence of heroin at the time of his arrest. The officer's opinion that Appellant exhibited symptoms consistent with those of a person under the influence of heroin is not conclusive proof of such debilitating influence as to render the statement involuntary or inadmissible. Point of error two is overruled.

In his third point of error, Appellant asserts that the trial court erred in instructing the jury on the law of parole pursuant to Tex.Code Crim.Proc.Ann. art. 37.07 § 4. In essence he asserts that these instructions violate the separation of powers doctrine of the Texas Constitution, deny him due process of law and provide the jury with prejudicial information. This court has previously addressed these contentions and found them to be meritless. *Ngoc Van Le v. State,* 733 S.W.2d 280 (Tex.App.— Houston [14th Dist] 1987, pet. granted); *Ruiz v. State,* 726 S.W.2d 587 (Tex.App.— Houston [14th Dist] 1987, pet granted); *Hardy v. State,* 722 S.W.2d 164 (Tex.App. —Houston [14th Dist] 1986), *remanded on other grounds,* 726 S.W.2d 158 (Tex.Crim. App.1987). Point of error three is overruled.

■ In point of error four, Appellant contends that the trial court erred in admitting reputation testimony from a police officer. While outside the presence of the jury, the officer testified that he spoke with two victims of prior burglaries for which Appellant had been convicted. The officer stated that the victims were the only persons to whom he spoke regarding Appellant. The defense counsel's objection to the officer's qualifications to testify as a reputation witness was overruled. Thereafter, the officer testified before the jury that Appellant's reputation in the community for being peaceful and law abiding was bad. Appellant finds additional fault with the officer's testimony because the victims to whom he spoke were victims of the same burglary offenses used for enhancement.

Police officers may testify as to a defendant's general reputation for being a peaceful and law abiding citizen in the community. *Nichols v. State,* 494 S.W.2d 830, 835 (Tex.Crim.App.1973). A witness who bases his opinion of the defendant's general reputation on what he has heard other

people say about the defendant is qualified to testify as a reputation witness. *Sparkman v. State*, 580 S.W.2d 358, 360 (Tex. Crim.App.1979); *Smith v. State*, 162 Tex. Cr.R. 237, 283 S.W.2d 936, 939 (1955). When a police officer states he is acquainted with Appellant's reputation, and it is not shown that his knowledge is based solely upon the events leading to the prosecution in the case at bar, and the officer is not shown to be otherwise unqualified, the officer's testimony is properly admitted. *Nichols v. State*, 494 S.W.2d 835. Point of error four is overruled.

■■■■■■ In his final point of error, Appellant contends that the evidence is insufficient to prove the finality of one of the prior convictions alleged for enhancement. Appellant maintains that the State failed to establish that the 1982 conviction, cause number 354,405, alleged in the second enhancement paragraph and offered in State's Exhibit 35, was final prior to the commission of the primary offense.

Our review of the record reveals that a hearing was conducted to determine the admissibility of the prior judgments, sentences and jail cards for the purpose of proving the enhancement paragraphs. Appellant had four prior felony convictions, two were reflected in each of the two judgments. The State elected to allege only one conviction from each judgment. During the hearing, the Clerk of the 180th District Court of Harris County, Texas, was called as a witness. She identified the documents contained in State's Exhibit 32 as the judgment and sentence in cause number 354,405. This document bears a notation that on February 14, 1983, Appellant gave notice of appeal to the Court of Appeals. However, it also contains the further notation that:

"On this the 13th day of October, A.D., 1983, Mandate of Affirmance was received from the First Supreme Judicial District of Texas, sentence is to begin April 19, 1982."

This document was admitted into evidence for the purposes of this hearing. Thereafter, the State announced its intention to rely on the penitentiary packets which were enroute from Huntsville. At the conclusion of the hearing the next day, the trial judge ruled that the penitentiary packets, State's Exhibits 34 and 35, "would be appropriate to present to the jury with respect to the enhancement paragraphs" and further stated that, "The other evidence, of course, will not [be introduced into evidence before the jury], because they are considered simply cumulative."

Appellant pled not true to both enhancement paragraphs. The State introduced Exhibits 34 and 35, as well as fingerprint and reputation evidence. State's Exhibit 35, otherwise identical to State's Exhibit 32, *lacks* the paragraph indicating that the conviction was affirmed by the First Court of Appeals. State's Exhibit 32 was not admitted into evidence before the jury because of the court's prior ruling.

Once the State presents a prior conviction for enhancement purposes, the question of finality becomes a defensive issue which must be raised by the defendant. *Scott v. State*, 553 S.W.2d 361, 363 (Tex. Crim.App.1977) *and cases cited therein.* The burden is then on the defendant to prove a *lack* of finality in the conviction. *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Crim.App.1982). The judgment contained in the pen packet shows a conviction and it also shows that Appellant gave notice of appeal from that conviction. It therefore does not show finality. No objection to the finality of the prior conviction was raised in the trial court. Where no issue is raised at trial as to an alleged defect in the evidence presented for enhancement, any error is waived. *See Howard v. State*, 453 S.W.2d 150, 151 (Tex. Crim.App.1970); *Vandall v. State*, 438 S.W.2d 578, 580 (Tex.Crim.App.1969).

The evidence to prove finality was available and had been introduced previously at the hearing outside the presence of the jury. If Appellant had raised the issue of finality, then the evidence to prove finality could have been properly placed before the jury. That evidence simply had been erroneously excluded by the trial court judge as "cumulative" of the evidence contained in the pen packets. Appellant cannot "lay

behind the log" and claim error on appeal when the "error" could have been eliminated if timely brought to the attention of the trial judge by way of proper objection. Point of error five is overruled.

Accordingly, the judgment of the trial court is affirmed.